Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM P. SHANNAHAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, a federal agency,<br><br>　　　　　　　　　　Defendant. | No. 2:08-cv-00560 JLR<br><br>PLAINTIFF'S RESPONSE TO SECOND DECLARATION OF MEGHAN M. MAHANEY AND RULE 56(F) REQUEST FOR DISCOVERY |

## I.    INTRODUCTION

Almost two years after his initial request for the factual documents cited in the Revenue Agent Reports ("RARs"), the Plaintiff, William Shannahan, remains mired in the same confusing obtuse morass of Government submissions intended to justify the non-disclosure of documents to which he is otherwise entitled. On April 27, 2009 this Court directed "the IRS to file a *Vaughn* index." Order at 25. The Government's filing, Second Declaration of Meghan M. Mahaney (hereinafter "Second Declaration" or "Second Decl."), fails to address the numerous concerns raised by this Court in its previous Order, and it amounts to more of the same in the way of a convoluted patchwork of exemptions. First, the Second Declaration is not a workable *Vaughn* index and does not encompass a representative

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 1
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

sample of the responsive documents withheld, nor has it re-evaluated all of the documents in light of its admission that many of the documents previously withheld were not actually exempt from disclosure. Secondly, with its Second Declaration, the Government utterly fails to undertake a segregability analysis for the documents, which the FOIA and Ninth Circuit law requires. Third, the Second Declaration improperly invokes exemption 5 for a much broader reach than is permitted for the deliberative process privilege, and its newly asserted work product and attorney client privileges should be denied. Fourth, the Government has still not adequately explained how enforcement proceedings or tax administration will be seriously impaired by the release of factual information and evidence relied upon in the issuance of the civil tax assessments, which renders its reliance on exemption 7(A) and 26 U.S.C. § 6103 overbroad and inappropriate. Fifth, the Government's reliance on exemptions 7(C) and 7(E) is misplaced in the absence of a showing of segregability, or a more detailed explanation of why the exceptions are applicable. Finally, discovery is needed to evaluate the factual bases for the exemptions claimed.

## II. ARGUMENT

### A. The Government Has Not Provided an Index Compliant With the Court's Directive

The Second Declaration is not organized in a manner that comports with this Court's order for a user-friendly *Vaughn* Index. Order at 25-26. The Second Declaration's awkward format and presentation places an unnecessary burden on both the Court and Plaintiff's counsel in trying to determine which documents are withheld pursuant to which exemptions. Thus, the Second Declaration essentially mirrors the myriad of declarations that were previously submitted and rejected by this Court in this proceeding.

This Court ordered the Government to provide a "representative sampling of the withheld documents" from each of the exemption categories claimed, covering at least 500 pages of documents. Order at 26. The Court instructed the Government not to include "only

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 2
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

a small handful of individual documents," which it has done here Order at 26, n.6. The Second Declaration does not indicate that the Government selected a <u>representative</u> sampling of documents, and it provides no detail for how the documents were selected. Accordingly, this Court and the Plaintiff are left to guess whether the documents described in the Second Declaration are truly representative of the documents withheld. *See* Second Decl. at 2, ¶ 4 (only "certain documents at issue" were reviewed). This fails to comply with the Government's obligation to select a <u>representative</u> sample of documents. *See Nat'l Res. Def. Council v. Dep't of Def.*, 388 F. Supp. 2d 1086, 1108-09 (C.D. Cal. 2005) (reviewer must scrutinize all documents to create representative sample which is typical of broader classes of documents withheld); *see also In re U.S. Dep't of Def.*, 848 F.2d 232, 237-38 (D.C. Cir. 1988) (distinguishing representative and random samples).

This selection process is troubling as the Second Declaration indicates that 24 additional pages of documents are now being disclosed without implicating any of the exemptions initially claimed for the documents. Second Decl. at 2, ¶ 5. The release of any of these pages was previously resisted on the omnibus assertion that doing so would "seriously impair federal tax administration" under 26 U.S.C. § 6103, and would interfere with enforcement proceedings as set forth in exemption 7(A). Declaration of Caesar White ("White Decl.") ¶¶ 14-17; *see also* Declaration of Meghan Mahaney, Dec. 3, 2008 ("Mahaney Decl.") ¶¶ 16(a) n.3, (b), (d). The Government does not explain why the previously claimed exemptions no longer apply. Moreover, there may be other documents that were not within the sample selection that are disclosable in light of the determination that previously asserted exemptions do not actually apply to all of the documents withheld. Though this Court's order required the Government to provide a *Vaughn* index covering at least 500 pages of documents, Order at 26, this does not relieve the Government of its pre-existing and ongoing obligation to disclose <u>all</u> documents and information that are not actually covered by the narrowly construed FOIA exemptions. *See, e.g., Davin v. Dep't of Justice*, 60 F.3d 1043,

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 3
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1052-53 (3d. Cir. 1995) (obligation to segregate non-exempt information applied to everything withheld, not just information in *Vaughn* Index sample selection); *Nat'l Res. Def. Council*, 388 F. Supp. 2d at 1108-09. The FOIA requires that summary judgment be denied or discovery be ordered as there is no evidence in the record that all non-exempt information has been disclosed. Second Declaration of David Lenci ("Second Lenci Decl.") ¶ 4.

**B.    The Government Has Not Provided a Segregability Analysis**

The FOIA requires that all reasonably segregable information that is not covered by an applicable exemption "shall" be disclosed. 5 U.S.C. § 552(b). The segregability requirement applies to <u>all</u> documents and all exemptions in the FOIA. *Schiller v. N.L.R.B.*, 964 F.2d 1205, 1209 (D.C. Cir. 1992). As FOIA is designed to permit individuals to obtain information from the government, withholding of an entire document is <u>only</u> justified when it contains no segregable information. *Willamette Indus., Inc. v. U.S.*, 689 F.2d 865, 867-68 (9th Cir. 1982). In practice, the Government routinely redacts exempt text from documents to "segregate" it from non-exempt text, and then produces a non-exempt version of the document. The burden of proof is on the Government to demonstrate that when it withholds an entire document, there is <u>no</u> such segregable information in the document. 5 U.S.C. § 552(b); *Willamette Indus., Inc.*, 689 F.2d at 867-68; *Schiller*, 964 F.2d at 1209. This statutory obligation permits no categorical exception to a segregability analysis. *Stolt-Nielsen Transp. Group Ltd. v. U.S.*, 534 F.3d 728 (D.C. Cir. 2008) (remanding for segregability analysis - categorical withholding under exemptions such as 7(A) still require segregation).

The Court here ordered the Government to perform a segregation analysis after it admitted not having done so initially in this case. Order at 25. Nothing in the Second Declaration indicates that the Government has undertaken a complete (or even partial) segregation analysis for the responsive documents that it withholds; in fact, the Second Declaration <u>does not even mention</u> segregability. The Government must provide a complete segregability analysis in order to ensure that it is not withholding more information than it is

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 4
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

permitted to, as well as to enable this Court to make an informed finding of segregability as required by applicable precedent. *See, e.g., Wiener v. F.B.I.*, 943 F.2d 972, 988 (9th Cir. 1991) (court required to make finding of segregability); *Church of Scientology of Ca. v. U.S. Dep't of Army*, 611 F.2d 738, 743-44 (9th Cir. 1979) (same).

Though some of the documents withheld indicate that they are only withheld in part, other claimed exemptions state simply that the documents are withheld "in full" under the exemptions without further discussion or indication of how the Government determined that the entire document was exempt. This does not meet the Government's burden for establishing that the responsive documents are not segregable, and does not enable this Court to make a segregability determination. *Wiener*, 943 F.2d at 988; *Nat'l Res. Def. Council*, 388 F. Supp. 2d at 1106 (C.D. Cal. 2005) (statement that all reasonable segregable information has been released along with listing of which documents were withheld in full or in part does not provide the "basis for the specific finding on segregability required in this Circuit"); *Dorsett v. U.S. Dep't. of Treasury*, 307 F. Supp. 2d 28, 40-41 (D. D.C. 2004).

Rather than follow the Court's direction on segregability, the Government continues to rely on the notion that if a patchwork of exemptions are claimed for a document, then it may ignore FOIA's plain language and disregard FOIA's segregability requirement for each document withheld or to clearly delineate the scope of protection offered by each exemption claimed. This practice is inconsistent with the law in the Ninth Circuit, and was disapproved by this Court. Order at 15-16; *Wiener*, 943 F.2d at 988.

C. **The Government's Invocation of Exemption 5 is Overbroad**

  1. The Deliberative Process Privilege is Overbroad and Improperly Invoked

The Second Declaration's reliance on the deliberative process privilege is overbroad for including, and not segregating, non-deliberative factual information that is not covered by this privilege. *See* Order at 15-16 (noting failure to identify segregable portions) *see also Assembly of State of Cal. v. Dep't of Commerce*, 968 F.2d 916, 921-22 (9th Cir. 1992)

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 5
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

(exemption covers predecisional and deliberative, not factual or investigative information); *see also Barger v. Comm'r of Internal Revenue*, 65 T.C. 925, 930-32 (Tax Court 1976) (finding deliberative process privilege inapplicable to non-analytical portions of special and revenue agent reports even where tax proceedings were unresolved). Inasmuch as the Government has been given another opportunity to provide an index detailing why factual information in these documents cannot be segregated and it has still failed to do so, summary judgment should be denied. *See, e.g., Mokhiber v. U.S. Dep't of Treasury*, 335 F. Supp. 2d 65, 69 (D. D.C. 2004). For these reasons, summary judgment should be denied for the following documents: Second Decl. at 18-19 (dates and evidence supporting allegations); 22-23 (information and compilation of financial statements for WCI and Parking); 28-30 (document containing "detailed facts" and evidence, withheld in full); 31-33 (appendices including account information, wire transfer information, cash transaction information, and gross receipt information for WCI and Parking).

In addition, the Government has failed to properly invoke the deliberative process privilege, which is an independent reason to deny summary judgment. *See, e.g, Marriot Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1308 (Fed. Cir. 2006); *cf. Chao v. Westside Drywall, Inc.*, 254 F.R.D. 651, 656-57 (D. Or. 2009). As there is no indication that Ms. Mahaney is a "high ranking subordinate" with delegated authority (and no such authorization has been provided) to invoke the deliberative process privilege, summary judgment should be denied. *See Alpha I, L.P. v. U.S.*, 83 Fed. Cl. 279, 289 (Fed. Cl. 2008); *see also U.S. v. Rozet*, 183 F.R.D. 662, 665-66 (N.D. Cal. 1998).

2. <u>The Work Product and Attorney Client Privileges Are Inapplicable</u>

The Government initially asserted work product privilege and attorney client privilege as bases for withholding several documents; however, the Second Declaration <u>does not include any</u> analysis of these documents. Accordingly, summary judgment should be denied, as the Government still has failed to provide anything more than the "generalized

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 6
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

information" regarding the documents initially withheld on the bases of attorney work product or attorney client privilege. *See* Order at 16. Now the Government seeks, once again, to change its justification for withholding certain documents by asserting the work product and attorney client privileges for other documents for the very first time. *Compare* Second Decl. at 28-30 (draft document); 36-37 (tax calculations) *with* Mahaney Decl. ¶¶ 17, n.7; 19, n.15 (same documents without assertion of new exemptions). The Government provides no justification for why its previous reviews of the documents did not reveal the applicability of these additional privileges; it states only that "[u]pon further review . . . it has been determined" that work product and/or attorney client privilege apply. *Id.*

The Government should not be permitted at this late date to assert new bases for withholding documents. *See, e.g., Long v. Bureau of Econ. Analysis*, 642 F.2d 1310, 1320-22 (9th Cir.) *vacated on other grounds*, 454 U.S. 934 (1981). The affidavits that it initially submitted indicated that all documents, including these, were reviewed and categorized completely, and the Government should be foreclosed from asserting additional justifications for the documents that it has withheld. *See* White Decl. ¶ 12 (indicating thorough review); Mahaney Decl. ¶¶ 3, 12 (indicating personal review and categorization of "each FOIA exemption claimed"). In light of the sharp imbalance of information available to plaintiffs in FOIA cases, the D.C. Circuit has held that "FOIA litigants are entitled to assume that the agency's *Vaughn* index is accurate in every detail. And so is the court. There is no excuse for submitting a *Vaughn* index that contains errors, even minor ones." *Schiller v. N.L.R.B.*, 964 F.2d 1205, 1209 (D.C. Cir. 1992). This Court and the Plaintiff should also be able to trust that all affidavits submitted are "absolutely accurate." *Id.* It is apparent, however, that either the Government's "first set" of declarations or the Second Declaration is simply not accurate. Exactly which one is accurate is a question only the Government can answer. At the very least, this inconsistency creates a genuine issue of material fact as to this exemption, as well

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 7
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

as to the means by which the Government categorized responsive documents by exemption, both of which prevent summary judgment.

### D. The Government Has Not Demonstrated the Interference or Impairment Required by 26 U.S.C. § 6103 or Exemption 7(A)

Non-disclosure under exemption 3, in conjunction with 26 U.S.C. § 6103, requires that disclosure "seriously impair Federal tax administration" and non-disclosure under exemption 7(A) requires that it "interfere with enforcement proceedings"; both are substantially similar, and are analyzed together herein. *See Church of Scientology of Cal. v. I.R.S.*, 792 F.2d 146, 153 (D.C. Cir. 1986); *see also* White Decl. ¶ 14 (providing same document analysis under both exemptions).

The Second Declaration does not demonstrate how the disclosure of the types of documents at issue would, in fact, be likely to cause the harm alleged. *See* Order at 20-21; Second Declaration of William P. Shannahan ("Second Shannahan Decl.") ¶ 7. The Government simply declares that the release of factual information about WCI and Parking prepared by those entities or other sources, not pursuant to the civil or criminal investigations of the Cheungs, will somehow constitute a "serious impairment" to tax administration or an interference with enforcement proceedings, as opposed to facilitating an accurate determination of any taxes owed by the Cheungs. This assertion is nonsensical and unsupported by the Second Declaration. The Second Declaration offers no proof as to why and how enforcement proceedings would be interfered with or why and how tax administration would be seriously impaired through the release of factual information contained in individual documents or overbroad categories of documents. In its Order, the Court determined that some of the harms alleged, including (1) revealing the nature, direction, scope and limits of the criminal proceedings; (2) enabling the Cheungs to prepare defenses to the government's analysis, "depriving the government of the facts known to the Cheungs"; and (3) enabling the Cheungs to disguise income or take other steps to avoid having income

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 8
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

attributed to them constitute theoretical harms of the type that could interfere with enforcement proceedings. The Government, however, has failed to make the requisite causal connection between these abstract fears, and the types of documents actually requested in this dispute. Order at 18-20;[1] *see also Grasso v. I.R.S.*, 785 F.2d 70, 77 (3d. Cir. 1986) ("government must show, by more than conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding"); Second Shannahan Decl. ¶¶ 7-12.

The factual material at the heart of this dispute is not the type that causes impairment under 7(A) or <u>serious</u> impairment under section 6103. To the contrary, the factual information utilized in the Cheungs' civil assessments is typically provided to subjects of civil tax assessments at this stage in the proceedings. *See* Shannahan Decl. ¶¶ 9-10; *see also* 26 C.F.R. §§ 601.105(b)(2)(ii) (taxpayer right to challenge I.R.S. conclusions) and (b)(5)(iii)(*b*) (requiring disclosure of facts when seeking advice on applicability of law); 5 U.S.C. § 556(d) (party entitled to "full and true disclosure of the facts"). The D.C. Circuit considered and rejected such speculative assertions of impairment such as these here when the Government sought to prevent disclosure of factual information supplied by the entity subject to investigation, as well as by its current and former employees and officers. *Campbell v. Dep't of Health and Human Services*, 682 F.2d 256, 260-64 (D.C. Cir. 1982) (vacating dismissal of FOIA request and reasoning that 7(A) offers much less protection to information prepared by investigation target or its affiliates than it does to information prepared by Government); *see also Grasso*, 785 F.2d at 77 (finding that neither exemption 7(A) nor 26 U.S.C. § 6103 prevented disclosure of information supplied by requester). As in *Campbell*, the factual information which Mr. Shannahan seeks does not reveal the IRS' deliberations or analysis, and the Government cannot show a causal relationship to any of the harms it fears.

---

[1] The Government abandoned the argument that the early release of information constitutes interference with law enforcement proceedings under 7(A). Reply at 8; *cf.* Order at 20.

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 9
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

First, the scope of the civil investigation of the Cheungs is already known to include a determination of any tax liability that has resulted from the Cheungs' alleged ownership interest in WCI and Parking; the Government does not explain how factual documents about these relationships during the period for which "final" civil assessments have been issued risks revealing unknown information about the nature, direction, scope, or limits of the investigation.[2] *See* Second Shannahan Decl. at ¶¶ 7-9, 11. Second, the Government offers no explanation as to how producing this factual information will "deprive" the Government of facts known to the Cheungs, or otherwise undermine or reveal the Government's analysis. *See* Second Shannahan Decl. at ¶¶ 11-12. Third, the Government does not explain how there is any risk that the Cheungs could conceal, disguise, or otherwise take steps to change the nature of factual information from more than ten years ago, especially when the Government already <u>possesses</u> the information. *See Lion Raisins v. U.S. Dept. of Agric.*, 354 F.3d 1072, 1084-85 (9th Cir. 2004) (rejecting speculative argument under 7(A) that release of documents would allow plaintiff to forge evidence); *see also* Second Shannahan Decl. at ¶¶ 9-10.

By way of example, the Second Declaration refers to a number of documents "pertaining to statements for WCI prepared by Fok & Chan," WCI's agent. Second Decl. at 7-8. The Second Declaration indicates that they were used in the civil investigation, and that they provide financial details of WCI's operations. *Id.* Yet, there is no showing that the release of this type of factual information supplied by, and about, a business that the Cheungs allegedly have an ownership interest in, will interfere with the alleged harms that the Government fears. A consideration of the context and facts of this dispute leads to the opposite conclusion: (1) this factual information pertains to assessments for tax years set forth in detail in the RARs the IRS issued, and it reveals nothing unknown about the scope of the

---

[2] The Plaintiff does not want any documents utilized solely in the criminal investigation, or revealing the strategies or decisions made therein. To the extent that the Government argues that the requested documents reveal the scope of the criminal investigation, the Government itself revealed the scope of the criminal investigation by issuing a detailed criminal indictment. *See* Declaration of Janet Freeman, Ex. F-101.

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 10
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

investigation; (2) the Government possesses these facts, which come from WCI and its agent, so there is no risk of undermining Government analysis or access to facts; and (3) with these facts being known to the Government, there is no explanation for how revealing them will lead to the concealment of any income listed in the documents.

For the reasons set forth above, exemptions 7(A) and 3 (in conjunction with § 6103) should not prevent the disclosure of factual information obtained from WCI, Parking, or other non-IRS sources, and summary judgment should be denied on these exemptions for the following factual information: Second Decl. at 8-9 (figures and "receipts detailing the cash transactions" undertaken by Mr. Cheung for the years at issue in the civil case); 15-16 (profit and loss statements and balance sheets for Parking); 16-17 (property ownership information); 17-18 (bills and corporate information); 20-21 (WCI profits and losses and investments in U.S. property); 24-25 (wire transfer information); 31-33 ("account information; wire transfer information; cash transaction information; and gross receipt information for WCI and [Parking]"); 33-34 (listing of checks pertaining to Parking).

The remaining civil investigative information that was used for the civil assessments and is currently being withheld pursuant to 7(A) and § 6103 should also be disclosed. As best as can be determined from the conclusory Second Declaration, all of this information appears to have been used to come to a <u>final</u> determination of tax liability for the Cheungs for the years 1994-1998. *See, e.g.*, Second Decl. at 6, 7, 10 (noting determination of <u>final</u> tax liability). Detailed examination reports based on this information were issued for the years 1994-1998, and the civil tax investigations are now complete. Shannahan Decl., ¶¶ 6, 11.

These examination reports have already revealed the scope of the Government's investigation, its theory of income omission and liability, and the three areas which the Cheungs may seek to dispute: (1) the parking lot income in the sole proprietorship for the period of 1/1/94 to 4/30/95, (2) the alleged skimming from the parking lots in '95-'98, inclusive, and (3) the constructive dividend by reason of the multiple wire transfers from WCI

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 11
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

to the United States. Second Shannahan Decl. ¶ 10; *see also* Shannahan Decl., at pp. 5-148 (civil assessments). Accordingly, as the next step in the civil tax process would be for Mr. Shannahan to review the evidence relied upon by the Government, and to contest the proper amount of liability, Shannahan Decl. ¶¶ 9-10, the burden is on the Government to demonstrate how enforcement proceedings or tax administration will be <u>seriously impaired</u> by allowing Mr. Shannahan access to this information. Indeed, this is information that is <u>normally</u> provided to those challenging such assessments. Shannahan Decl. ¶¶ 9-10. "[S]peculative or abstract fears" should not be permitted to justify withholding. Office of the Att'y Gen., Memo. For Heads of Exec. Dept's and Agencies (Mar. 19, 2009) *at* http://www.usdoj.gov/ag/foia-memo-march2009.pdf; *Lion Raisins*, 354 F.3d at 1084-85 (9th Cir. 2004) (rejecting speculative argument under 7(A)).

This is not a question of premature access to information as addressed in *North v. Walsh*, 881 F.2d 1088 (D.C. Cir. 1989), Order at 19-20. The information being withheld from Mr. Shannahan is of the type that facilitates a fair and open determination of the very enforcement proceedings that the Government seeks to protect – a facilitation that squarely comports with FOIA's broad interest in "disclosure, not secrecy." *See Dept's of Interior v. Klamath Water Users Ass'n*, 532 U.S. 1 (2001) at 7-8; Second Shannahan Decl. ¶¶ 7-12. For these reasons, in addition to the documents set forth above, the Court should deny the Government's claimed exemptions under 26 U.S.C. § 2103 and 7(A) for the following information that relates to the <u>civil</u> assessments: Second Decl. at 5-6 (fraud indicators and tax adjustments); 10-11 (calculations underlying final tax adjustments); 12-13 (tax liability for Linda Su); 14-15 (WCI and Parking ownership information); 18-20 (calculations and income sources for Stephen Cheung); 22-23 (charts and calculations of WCI and Parking's income); 23-24 (WCI tax calculations); 34-35 (Cheung business practices).

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 12
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

E. **The Government Has Not Demonstrated that Third Party Privacy Interests Under Exemption 7(C) Will Not Be Protected By Redaction**

The Court found that the Government had established a privacy interest under 7(C) as to the identities of third parties that have cooperated with the Government's investigation, but denied summary judgment on account of the Government's failure to explain why the information covered by 7(C) could not be redacted.[3] Order at 22. The Second Declaration does not address the Court's Order on this score. The First Circuit rejected a similar argument for a narrative statement that, by its nature, was much more likely to reveal third party identities than the factual information at issue here:

> The government . . . needs to provide more than [an] unsupported conclusion to justify withholding the whole document. Is the document full of personal anecdotes, whose perspective would tend to reveal the declarant, thus supporting this conclusion? Or does the document simply give one individual's description of the way the Church generally treats members, and thus arguably include material that could be segregated from the identifying information?

*Church of Scientology Int'l v. Dep't of Justice*, 30 F.3d 224, 232 n. 11 (1st Cir. 1994) (emphasis added).

The Government does not explain why the names or identities of people with a 7(C) privacy interest cannot be redacted; summary judgment should be denied. *Davin*, 60 F.3d at 1052; *see also Willamette Indus.*, 689 F.2d at 867-68 (all reasonably segregable information must be segregated). Summary judgment should be denied for the following documents withheld in under 7(C): Second Decl. at 8-10 (receipt and cash transaction information); 18-20 (information about alleged skimming activities of Mr. Cheung); 28-30 (facts and evidence

---

[3] The Government previously asserted, in footnote, that exemption 6 applied to certain documents withheld. Motion at 18, n.3. The Court found that this brief reference did not merit determination. Order at 23. The Second Declaration reasserts without analysis that exemption 6 applies to all of the documents that 7(E) applies to. This exemption does not apply as personnel, medical, or similar files were not requested, and the Second Declaration fails to explain how the withheld information constitutes personnel, medical, or similar files.

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 13
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

in draft memorandum); 31-32 (various factual documents for WCI and Parking) 34-35 (notes and facts regarding Steven Cheung's business practices).

F. **The Government Has Not Properly Invoked Exemption 7(E)**

Under Exemption 7(E) the Government must provide a general description of the technique at issue, and must establish that it is not well-known to the public. Order at 23. This Court found the Government's overly general assertion fell short and did not justify summary judgment on exemption 7(E). Order at 24 (affidavits offer "little insight as to the techniques or procedures at issue" and fail to address whether they were well known). The Second Declaration does not overcome this inadequacy. The Second Declaration seeks to withhold information about fraud indicators and potential tax adjustments because the documents contain detail about "techniques and procedures undertaken by the agent to conduct this particular investigation. . ." Second Decl. at 5-6. There is no mention of whether the techniques are well-known; there is no insight into the particular techniques; there is no asserted risk circumvention of the law as required by 5 U.S.C. § 552(b)(7)(E); and there is no segregability analysis. For these reasons, the Government has failed to meet its burden of proof, and summary judgment should be denied for the following information allegedly protected by (7)(E): Second Decl. at 5-6 (fraud indicators and tax adjustments) and 12-13 (return information of Linda Su – the DIF score, if covered by (7)(E), can be redacted).

G. **Limited Discovery Under Rule 56(f) Should Be Granted**

Mr. Shannahan continues to need discovery pursuant to Federal Rule of Civil Procedure 56(f) in order to present the facts that are essential to the Plaintiff's opposition to summary judgment. The reasons for allowing this limited discovery are set forth in detail in the Second Declaration of David J. Lenci accompanying this Response. The discovery Mr. Shannahan seeks would primarily involve relatively short and focused depositions of Ms. Molly Mahaney and Ms. Ev Stone, the IRS personnel with the greatest connection to the withheld documents. For unknown reasons, the Government has chosen <u>not</u> to submit

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 14
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

declarations from either of them in connection with its motions for summary judgment. In addition, a deposition of IRS agent Mahaney, the author of a new declaration intended to serve as a *Vaughn's* index surrogate, is warranted to probe the many areas of uncertainty raised by her Second Declaration. See Second Lenci Decl. at ¶¶ 2-3. This limited discovery is necessary to evaluate distinct factual bases underlying the exemptions asserted, and to demonstrate that there are genuine issues of material fact that preclude summary judgment.

### III.   CONCLUSION

For the foregoing reasons, Mr. Shannahan urges this Court to (1) deny summary judgment and order the release of the responsive documents withheld; or (2) order discovery into the factual bases supporting the exemptions claimed and allow plaintiff to make a supplemental submission based on the results of that discovery.

DATED this 10th day of July, 2009.

K&L GATES LLP

By /s/ David J. Lenci
David J. Lenci, WSBA # 7688
Michael K. Ryan, WSBA # 32091
Samuel R. Castic, WSBA # 39301
Attorneys for Plaintiff
William P. Shannahan

PLAINTIFF'S RESPONSE TO SECOND
DECLARATION OF MEGHAN M.
MAHANEY - 15
Case No. 2:08-cv-00560 JLR

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022