The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM P. SHANNAHAN,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | No: 2:08-cv-00560-JLR<br><br>REPLY TO PLAINTIFF'S RESPONSE TO THE SERVICE'S *VAUGHN* INDEX |

In its motion for summary judgment, the Service explained why it had withheld the documents at issue. Pursuant to the Court's April 27, 2009, Order, the Service also filed a *Vaughn* Index that provides specific descriptions of a representative sampling of the documents withheld, demonstrates the nexus between the exemptions claimed and the harm that would result from the documents' release, and provides a full segregability analysis. The Plaintiff's Response does not establish any errors in the Index, nor point to any claims wrong as a matter of law. In fact, some of the evidence they submit is objectionable.1/ Accordingly, the Court should grant the Service's motion for summary judgment.

---

1/ The Service objects to both declarations that Plaintiff attached to his Response, which consist primarily of legal argument and constitute a transparent attempt to avoid the Court-ordered page limit. *See King County v. Rasmussen*, 143 F.Supp.2d 1225, 1227 (W.D. Wash. 2001) (striking legal argument in declarations). Furthermore, the Second Declaration of David J. Lenci is outside the scope of the Response contemplated by the Court's Order and should be stricken in full.

Reply
(C-08-00560-JLR)  1

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

## ARGUMENT

**I. The Service fully complied with the Court's April 27, 2009, Order.**

**A. The Service's *Vaughn* Index demonstrates compliance and good faith.**

The Service's Index clearly provides the information required by the Court's Order, and Plaintiff's conclusory contentions that its format is "awkward" and not "user-friendly" are without merit. *See Landmark Legal Fdt. v. I.R.S.*, 267 F.3d 1132, 1138 (D.C. Cir. 2001) ("a *Vaughn* index is not a work of literature"). The Index includes 24 documents, plus the entire Electronic Database, composing a representative sampling of the withheld documents and covering each of the exemptions claimed. The Index includes each of the five categories of documents at issue, with representation from each category roughly proportionate to the total number of documents withheld from that category:

| Category of Documents | Number of Documents Withheld | Number of Documents in Vaughn Index |
|---|---|---|
| Electronic Database | 373 files and 35.7 megabytes of information | entire database |
| Agents' Working Papers | 5,280 | 476 pages |
| Interview Notes, Third Party Contacts, and Contact Sheets | 88 | 17 pages |
| Examination Workpapers | 42 | 7 pages |
| Internal Correspondence | 7 | 2 pages |

Plaintiff makes much of the Service releasing an additional 24 pages of documents with redactions.2/ But the Service has not conceded that the exemptions originally claimed are no longer applicable; it has merely made a discretionary decision to release the documents irrespective of the applicability of those exemptions. Furthermore, that decision demonstrates

---

2/ Plaintiff contends that 21 of the newly released 24 pages have been produced to him twice. These 21 pages are not documents previously released because they contained notes and redactions that the previously released documents did not.

Reply
(C-08-00560-JLR)　　　　　　2

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

                                                                    The Honorable James L. Robart

that the Service complied in good faith with the Court's Order directing it to complete a segregability analysis.

### B. The Service's *Vaughn* Index provides a full segregability analysis.

The Service conducted a segregability analysis for each document in the Index.3/ The Service indicated whether each document was withheld in full or in part pursuant to each exemption asserted. For documents withheld in full, the Index provides sufficient information to establish that segregation is not feasible. For documents withheld in part, the Service indicated which pages contained information that fell under the exemption, and whether those pages were exempt from release in whole or in part.4/

---

3/ While the Index does not contain the word "segregability," this is not required. *See Anderson v. C.I.A.*, 63 F.Supp.2d 28, 29 (D.D.C. 1999) (agency's affidavits need not use the word "segregable" for court to make segregability finding).

4/   While Plaintiff cites three cases his support of his contention that the Service's segregability analysis is inadequate, none is on point. First, in *Wiener v. F.B.I.*, the court of appeals remanded the FOIA suit because the trial court had failed to make any findings with respect to segregability. *Wiener*, 943 F.2d 972, 988 (9th Cir. 1991).
     Second, in the section of *Nat'l Res. Def. Council, v. U.S. Dep't of Defense, et al.*, cited by Plaintiff, the EPA asserted exemption 9 with respect to some withheld documents, and exemption 5 – deliberative process – with respect to others. *Nat'l Res. Def. Council*, 388 F.Supp.2d 1086, 1105-08 (N.D.Cal. 2005). The EPA submitted declarations stating whether each document was withheld in full or in part. *Id.* The court found the designations of "in full" or "in part" adequate for the documents covered by exemption 9. *Id.* With respect to exemption 5, however, the court found that the agency failed to establish why it was not feasible to segregate the factual information from the agency's analysis. *Id.* The Service will discuss segregability with respect to deliberative process separately below. But with respect to the other exemptions, *Nat'l Res. Def. Council* is distinguishable because the Service either (a) provides sufficient information to establish that segregation is not feasible; or (b) provides page-by-page segregation analysis.
     Third, in *Dorsett v. U.S. Dep't of Treasury*, the court rejected the agency's use of a single conclusory statement about segregation, applied to all of the documents withheld, that indicated only that all reasonably segregable material had either been released, would be of little or no value, or would be overly burdensome to redact and release. *Dorsett*, 307 F.Supp.2d 28, 40 (D.D.C. 2004). This is materially different from the case at bar, where the Service addressed segregability on a document-by-document and page-by-page basis.

Reply
(C-08-00560-JLR)                                 3

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

## II. The *Vaughn* Index demonstrates that the claimed exemptions apply.

### A. The documents are exempt from disclosure pursuant to Exemption 3 in conjunction with 26 U.S.C. § 6103; and Exemption 7(A).

Plaintiff concedes that the documents withheld consist of return information and records or information compiled for law enforcement purposes. Therefore, the only remaining question is whether the Service properly determined that release would "seriously impair Federal tax administration" or could "reasonably be expected to interfere with enforcement proceedings." 26 U.S.C. § 6103(b)(2); 5 U.S.C. § 552(b)(7)(A).5/ As demonstrated by the Service's Index, release of the documents would result in precisely these harms.

Releasing the documents would provide the Cheungs with greater access to information about their proceedings than they would otherwise be entitled without the benefit of reciprocal discovery. (*E.g.*, Index at 6.) Releasing the documents would also allow the Cheungs to craft explanations or defenses. (*Id.*) Because different sources of income are taxable at different rates, taxpayers often challenge whether income came from a particular source and try to fabricate explanations that will justify more favorable tax treatment. If the Cheungs are aware of everything that the Service knows and does not know, without the Service having any access to the knowledge of the absent Cheungs, it will provide them with an opportunity to manufacture a story they believe the Service cannot impeach.

Releasing the information would also reveal information about the nature, direction, scope, and limits of the civil and criminal investigations. (*Id.*) Plaintiff's argument that the Service has failed to provide adequate detail about how releasing the information would cause this harm is self-defeating. For example, requiring the Service to spell out how releasing the

---

5/ Although Plaintiff is correct that the harms for Exemption 7(A) and Exemption 3 in conjunction with 26 U.S.C. § 6103 can be analyzed together, it should be noted that the standards for reviewing their applicability are not the same. In this case, the Service has clearly met its burden under either standard.

Reply
(C-08-00560-JLR)                                     4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

information would expose the investigation's limits would defeat the entire purpose for claiming the exemption, which neither the FOIA nor the Court's Order requires. *Lewis v. I.R.S.*, 823 F.2d 375, 378 (9th Cir. 1987); Order at 26. Plaintiff's contention that the Service has already disclosed the scope of its civil and criminal investigations is speculative at best. *See Alyeska Pipeline Serv. Co. v. United States E.P.A.*, 856 F.2d 309, 314 (D.C. Cir. 1988) ("a party's purported knowledge of the 'general' scope of an investigation is a far cry from specific knowledge of the particular activities being investigated and the direction being pursued").6/

Disclosing the documents would also allow the Cheungs to conceal or disguise income, or take other steps to avoid having income attributed to them. (Index at 16.) For example, it would disclose which transactions and accounts the Service has recorded in the documents, allowing the Cheungs to attempt to adjust their behavior and shift income accordingly. Plaintiff's call for greater specificity with respect to this harm is tantamount to requesting that the Service provide the Cheungs with a roadmap of how they might conceal income.

While Plaintiff contends that these exemptions cannot be used to deny him access to information he may already have, he has not demonstrated that he has any of the information at issue. Based on the specific descriptions in the Index, Plaintiff could have submitted a declaration showing that he was already in possession of the documents withheld. Instead, he offers only speculation, which is insufficient to defeat the Service's motion for summary judgment. He similarly contends that the information may have been provided by the Cheungs or their companies, but provides only unsupported assertions. But documents from different sources are not the same document, and disclosing all of them reveals the scope of an investigation. In fact, a cursory review of the documents in question undermines Plaintiff's argument. *See, e.g.,* pages 518-535 (obtained through Mutual Legal Assistance Treaty or

---

6/ Plaintiff's seeming concession that he "does not want any documents utilized solely in the criminal investigation" is illusory because the ongoing criminal and civil proceedings involve the same time periods, entities, parties, and transactions. (Response at 10).

Reply
(C-08-00560-JLR)    5

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

confidential informant), 604-640 (obtained from third party), and 727-747 (information obtained during the criminal investigation).7/

With respect to segregability, Plaintiff tries to distinguish between factual information and deliberative or analytical information. This argument belongs in his discussion of Exemption 5, and is inapplicable here. *See, e.g., Lewis v. I.R.S.*, 823 F.2d 375, 378-79 (9th Cir. 1987) (affirming lower court's decision that agency's withholding of factual and evidentiary material was proper under 7(A)). Plaintiff also contends that the information should be disclosed because it is typically provided to taxpayers "at this stage in the [Tax Court] proceedings." (Response at 9.) His attempts to support this argument through citation to a self-serving, argumentative declaration and misleading characterizations of irrelevant statutes and regulations underscore the Service's consistent argument that Plaintiff's requests for information would best be resolved by the Tax Court judge in a discovery-related motion. (*Id.*) *See also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 143 n. 10 (1975) (FOIA should not be used as a substitute for discovery).

The Service has met its burden with respect to Exemption b(3) in conjunction with 26 U.S.C. § 6103 and Exemption 7(A). Since it has asserted at least one of these exemptions for

---

7/ Therefore, the three cases Plaintiff cites are inapposite. *See Lion Raisins, Inc., v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1084-85 (9th Cir. 2004) (agency conceded that it had taken the records at issue from the requesting company and given the company copies of those records); *Grasso v. I.R.S.*, 785 F.2d 70, 76-77 (agency could not assert exemption 7(A) with respect to statements that requester made to agency); *Campbell v. Dep't of Health and Human Servs.*, 682 F.2d 256, 260 (D.C. Cir.1982) (distinguishing between information gathered from the Eli Lilly company and its current and former officers and employees, and information gathered from "sources outside the Lilly firm"). In *Campbell*, the court explicitly distinguished between its facts (the requester was not the target of an investigation and sought information provided by the target of the investigation) and the facts of four other cases in which the requesters were actual or potential targets of concrete, prospective enforcement proceedings and sought materials compiled by the investigative agency or derived from third parties. *Id.* at 264. There is no authority establishing that information obtained from a third-party who is merely *affiliated* with the requester is not properly exempted from release under 7(A), and Plaintiff's citation to *Campbell* for this proposition is at best misleading.

Reply
(C-08-00560-JLR)     6

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

each document being withheld, the Service is entitled to summary judgment in full.

**B. The documents are exempt from disclosure pursuant to Exemption 7(C).**

The Court found that the Service established a privacy interest protected by Exemption 7(C). (Order at 22.) Therefore, the only question remaining is the adequacy of the Service's segregation analysis. The Service properly conducted a segregability analysis for the documents in the Index withheld pursuant to Exemption 7(C) (pages 604-640, 1654-59, 1988-2040, 2085-2208, and 1626-1642).

Of these documents, the Service admits that pages 1988-2040 and 2085-2208 can be redacted, and its Index provides a segregability analysis on a document-by-document and page-by-page basis. The remaining documents are either based on information provided by a third party (pages 604-640 and 1654-59) or are the comments of a third party (pages 1626-42). The Index explicitly states why the documents cannot be released in whole or part. *See* pages 604-640 ("identity of the third party could reasonably be inferred by the specific text on each page"); pages 1654-59 ("disclosure . . . in whole or part, would lead to the identification of an individual who assisted the government"); and pages 1626-42 (same). The specificity in these declarations is greater than the detail deemed sufficient in *Cal-Trim v. I.R.S.*, 448 F.Supp.2d 1021, 1026 (D.Az. 2007), and should be approved. Forcing the Service to provide additional detail, even at a generalized level, would reveal to the Cheungs–who are criminal fugitives–the identities of people who cooperated with the Service in establishing a case against them. (*E.g.*, Index at 10.)

The Service has met its burden with respect to Exemption 7(C) and is entitled to summary judgment on this exemption.

**C. The documents are exempt from disclosure pursuant to Exemption 6.**

To qualify for Exemption 6, documents must consist of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Plaintiff addresses the Service's assertions of Exemption 6 only

Reply
(C-08-00560-JLR)

7

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

to say that the documents withheld pursuant to this exemption are not "personnel, medical, or similar files." In fact, the Supreme Court has broadly interpreted "similar files" as any information that "applies to a particular person." *U.S. Dep't of State v. Washington Post Co.*, 456 U.S. 595, 602 (1982). The Index's detailed descriptions demonstrate that the documents at issue clearly meet this expansive definition.

Therefore, the only question remaining is whether the documents' release would constitute "a clearly unwarranted invasion of personal privacy." Revealing to the Cheungs–who are criminal fugitives–the identities of people who cooperated with the Service in establishing a case against them, easily qualifies. The Service has met its burden with respect to Exemption 6 and is entitled to summary judgment on this exemption.

**D. The documents are exempt from disclosure pursuant to Exemption 7(E).**

The Service "has broad authority . . . to withhold records or information based upon Section 552(b)(7)(E)." *George v. I.R.S.*, No. C05-0955, 2007 WL 1450309, at *7 (N.D.Cal. May 14, 2007) (citing five cases upholding the Service's right to withhold DIF scores, audit guidelines, and tolerances). The documents withheld pursuant to Exemption 7(E) consist of fraud indicators and DIF scores applied to particular return information (pages 753-54 and 867-68). Releasing these documents, or describing the techniques more fully, would provide insight into the Service's audit and fraud detection methods, allowing the Cheungs–and anyone else they share the information with–to try and circumvent detection. (Index at 5-6, 12-13.) Even providing the underlying factual return information would allow the Cheungs to see exactly what information the Service looks at to detect fraud and compute DIF scores, resulting in the very harm that 7(E) is designed to prevent. Accordingly, the Service has met its burden with respect to Exemption 7(E) and is entitled to summary judgment on this exemption.

Reply
(C-08-00560-JLR)　　　　　　　　　　8

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

**E.   The documents are exempt from disclosure pursuant to Exemption 5.**

**1.   The Service has met its burden with respect to Deliberative Process.**

The Court need only reach this issue if it does not uphold the Exemption 3 and Exemption 7(A) assertions. But in any event, the Service properly asserted the deliberative process privilege. Plaintiff continues to cite non-FOIA cases to contend that the Service should have submitted an affidavit from the agency's head. In the FOIA context, however, no such affidavit is necessary. *CACI Field Servs., Inc., v. United States*, 12 Cl.Ct. 680, 687 n. 7 (1987), citing *Deutrium v. United States*, 4 Cl.Ct. 361, 363 n. 2 (1984).

The Index includes a full segregability analysis for the documents withheld pursuant to deliberative process. For pages 518-535, the Service clearly addresses segregability on a page-by-page basis. And for the remaining documents—consisting entirely of drafts— it is self-evident from the detailed descriptions and explanations why segregation is not possible.8/ See pages 866 ("later incorporated in final form"); 1711-12 ("not intended to be final"); and 867-68, 727-47, 1654-59, 1661-67, 1776-1843, 1939-43, 1988-2040, and 2085-2208 (all described as "draft calculations" or "drafts"). The Ninth Circuit has held that purely factual material in drafts can be withheld if its release would reveal the agency's decision making process. *Nat'l Wildlife Federation v. U.S. Forest Serv.*, 861 F.2d 1114, 1119 (9th Cir. 1988), citing *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C.Cir. 1982). Releasing the factual information in these documents would allow Plaintiff to compare the facts in the drafts with the facts in the final reports and indictment, as well as to compare the facts in different drafts. *See Russell*, 682 F.2d at 1049. As in *Nevada v. U.S. Dep't of Energy*, changes in "arrangement, inclusion, and exclusion of purely factual information" would reveal changes in emphasis. 517 F.Supp.2d 1245, 1265 (D.Nv. 2007), citing *Russell*, 682 F.2d at 1049. Releasing the factual information would thus

---

8/ Plaintiff concedes that pages 449-52 are properly withheld pursuant to the deliberative process exemption.

Reply
(C-08-00560-JLR)                              9

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

allow Plaintiff to trace the progression of the Service's thought process, so segregation is not possible. Accordingly, the Service has met its burden with respect to deliberative process and is entitled to summary judgment on this exemption.

### 2. The Service has met is burden with respect to Attorney Work Product Doctrine and Attorney Client Privilege.

Plaintiff concedes that the Service has met its burden of establishing the attorney work product doctrine and attorney client privilege with respect to Index pages 1711-12. His only objection is that the Service's first declarations did not assert these particular exemptions for these particular pages.

Plaintiff misapprehends the purpose of the *Vaughn* Index in this case. The purpose is not simply for the Service to justify why the particular documents included in the Index are exempt from disclosure. The purpose is to allow the Court to see whether the Service has properly asserted each exemption for a representative sampling of documents so that it can rule on the applicability of those exemptions for the entire body of documents withheld. *See Weiner*, 388 F.2d at 1108. The Service's assertion of the attorney work product doctrine and attorney client privilege for pages 1711-1712 allows the Court to do just that.9/

Accordingly, the Service has met its burden with respect to attorney work product and attorney client privilege and is entitled to summary judgment on these exemptions.

### CONCLUSION

The Court should grant the Service's motion for summary judgment.10/

---

9/ Plaintiff does not contend that he has been prejudiced by the assertion of these exemptions with respect to these pages, or that these particular pages are a poor representative of the other pages withheld pursuant to attorney work product and attorney client privilege.

10/ The Service notes that Plaintiff has now received copies of the "original documents" from the U.S. Attorney's Office, and his request for those documents should be denied as moot. *See* Exhibit A.

Reply
(C-08-00560-JLR)          10

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

| | |
|---|---|
| 1 | The Honorable James L. Robart |
| 2  DATE: July 17, 2009 | /s/ Carmen M. Banerjee |
| 3 | CARMEN M. BANERJEE |
|   | GEOFFREY J. KLIMAS |
| 4 | Trial Attorneys, Tax Division |
|   | U.S. Department of Justice |
| 5 | Post Office Box 227 |
|   | Ben Franklin Station |
| 6 | Washington, D.C. 20044 |
|   | Telephone: (202) 307-6423 |
| 7 | Facsimile: (202) 514-6866 |
|   | E-mail: carmen.m.banerjee@usdoj.gov |
|   | Email: geoffrey.j.klimas@usdoj.gov |

Reply
(C-08-00560-JLR)                        11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423

The Honorable James L. Robart

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2009, I electronically filed the foregoing REPLY TO PLAINTIFF'S RESPONSE TO THE SERVICE'S *VAUGHN* INDEX with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> David John Lenci, Esq.
> Michael K. Ryan, Esq.
> Samuel R. Castic, Esq.
> Kirpatrick & Lockhart Preston Gates Ellis
> 925 Fourth Avenue
> Suite 2900
> Seattle Washington 98104-1158.

/s/ Carmen M. Banerjee
CARMEN M. BANERJEE

Reply
(C-08-00560-JLR)

12

U.S. DEPARTMENT OF JUSTICE
Tax Division, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6423